1 | Eugene G. Iredale, SBN: 75292
2 | Julia Yoo, SBN: 231163
  | IREDALE & YOO, APC
3 | 105 West F Street, Fourth Floor
  | San Diego, CA 92101
4 | Telephone: 619.233.1525
5 | Facsimile:  619.233.3221

UNITED STATES DISTRICT COURT
THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE CAMPOS, BROOKE CAMPOS, BLAKE CAMPOS, MIKE STEINHAUS, and MORGAN BURNINGHAM, | CASE NO.: 14-CV-1370 |
| | COMPLAINT |
| Plaintiffs, | (1) VIOLATION OF 42 U.S.C. § 1983 |
| v. | (2) FAILURE TO SUPERVISE AND DISCIPLINE |
| | (3) ASSAULT |
| COUNTY OF RIVERSIDE, STANLEY SNIFF, DANIEL ARENAS, JR., JUVIEN GALZOTE, BRIAN LAUREANO, LISA MILLER, THOMAS MILLER, NILO JOSE, VINCENT MUSARACA, DAVE JOHNSON, and GARY GUEVERRA, | (4) BATTERY |
| | (5) FALSE IMPRISONMENT |
| | (6) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS |
| | (7) NEGLIGENCE *PER SE* |
| | (8) NEGLIGENCE |
| | (9) VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 |
| Defendants. | |
| | DEMAND FOR A JURY TRIAL |

1

Plaintiffs, by their respective attorneys of record allege and complain as follows:

## GENERAL ALLEGATIONS

1. Jurisdiction is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(3) and (4), et. seq.

2. Pursuant to 42 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the state claims brought in this action, which arise from a common nucleus of operative facts and from the same transactions and occurrences raised in Plaintiffs' federal causes of action

3. Venue is proper in the Central District of California because the acts or omissions which form the basis of the Plaintiffs' claims occurred in Blythe, California, within the Central District.

4. Plaintiffs have complied with California Government Code §§ 800 *et seq*.

## PARTIES

5. Plaintiffs were individuals residing in Riverside County, California.

6. Upon information and belief, Defendants Nilo Jose and Juvien Galzote are residents of the State of California and are deputies employed by the Riverside County Sheriff's Department.

7. Defendant Daniel Arenas Jr. was an individual residing in Riverside County, California.

8. Defendant Brian Laureano was an individual residing in Riverside County, California.

9. Defendant Lisa Miller was an individual residing in Riverside County, California.

10. Defendant Thomas Miller was an individual residing in Riverside County, California.

11. Defendant Vincent Musaraca was an individual residing in Riverside County, California.

12. Defendant Dave Johnson was an individual residing in Riverside County, California.

13. Defendant Gary Gueverra was an individual residing in Riverside County, California.

14. Plaintiff are informed and believe that at all relevant times, each Defendant was the agent or employee of each of the other Defendants, and in perpetrating the wrongful conduct detailed in this Complaint, acted within the scope of such agency or employment, or ratified the acts of the other.

15. Plaintiffs are informed and believe that each of the Defendants caused, and is responsible for the below-described unlawful conduct and resulting injuries in that each of the Defendants participated in the unlawful conduct or acted jointly with others who did so; authorized, acquiesced in or set in motion actions that led to the unlawful conduct; failed to take action to prevent the unlawful conduct; and/or failed to prevent further harm to Plaintiffs.

16. Plaintiffs are truly ignorant of the true names and capacities of Defendants DOES 1 through 60, inclusive, and/or are truly ignorant of the facts giving rise to their liability and will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability.

**FACTS**

17. Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

18. On July 6, 2013, Eddie Campos, his daughter Brooke, his son Blake, Blake's girlfriend Morgan and their family friend Michael were staying at their vacation home at the Lost Lake Resort.

19. Eddie, Brooke, Blake and Michael were at the boat ramp pulling Eddie's boat out of the water. The locking mechanism was broken on the hand

1 winch and the boat kept falling back into the water.

2 20. Defendant Daniel Arenas started yelling profanities at them. Arenas
3 called them dumb Mexicans and yelled that they were stupid and they should learn
4 how to load their boat.

5 21. Arenas came out of the water and proceeded toward Eddie Campos'
6 children, Brooke and Blake.

7 22. Plaintiff Michael Steinhaus approached Arenas, held his hands up and
8 told him to stop.

9 23. Michael told Arenas that they were about to leave and asked him to
10 go back to his boat.

11 24. Arenas swung at Michael, attempting to hit Michael. Arenas pushed
12 his way towards Michael and Michael pushed him back.

13 25. Michael was trying to calm Arenas down and prevent him from
14 getting to Brooke and Blake.

15 26. Brooke and Blake remained silent during the exchange.

16 27. Arenas kept trying to push and hit Michael. Arenas threatened
17 Michael, Broke and Blake. Arenas was advancing toward the children.

18 28. Eddie Campos placed himself between Arenas and his children and
19 punched Arenas.

20 29. A security guard at the resort went to the boat launch ramp to
21 investigate the incident between Arenas and Eddie Campos.

22 30. The guard heard Arenas yelling at Eddie that Arenas would "get"
23 him. The guard told Defendants Arenas and Musaraca that he was going to
24 contact the Sheriff's Department.

25 31. Defendant Musaraca laughed and said, "We are the Sheriffs."
26 32. Everyone left the area.
27 33. Plaintiffs went back to their residence and backed the boat into the
28 driveway.

34. At approximately 8 p.m., Eddie, Brooke and Blake were wiping down the boat in the driveway.

35. Morgan and Michael were in the home, putting things away.

36. While the Plaintiffs were back at their home, Defendant Arenas was gathering the other Defendants who agreed to join him in confronting Plaintiffs.

37. Defendants were "pissed off." They all agreed to drive to Campos' residence to "take care of some business."

38. Several golf carts arrived with approximately 12 to 15 people. They surrounded the property and blocked the entrance to Eddie's property.

39. Defendant Daniel Arenas was in the first golf cart that arrived. Arenas said to the others, "There's the guy. Let's get him."

40. Arenas jumped out of the golf cart and the other defendants rushed the Plaintiffs. Defendants cornered Plaintiffs and Plaintiffs had nowhere to go.

41. Eddie recognized Arenas from the earlier confrontation. Eddie told Arenas not to involve his children. Arenas said again, "That's the guy, get him."

42. Arenas and several other Defendants cornered Eddie. Arenas punched Eddie on the side of the head. Several Defendants believed to be Arenas, Laureano, Galzote and Nilo assaulted Eddie.

43. Defendant Galzote told the investigators that Defendant Laureano was irate when Laureano approached Eddie Campos because Arenas is Laureano's best friend.

44. Eddie was trying to defend himself and get away. Eddie retreated inside his home and Arenas, Galzote and Nilo followed him inside.

45. Defendants chased Eddie through his house. Eddie was able to get away and get out of his front door.

46. Brooke Campos was confronted by Lisa Miller and another defendant. They blocked her way and would not let her leave. These defendants yelled and swore at Brooke. Brooke finally broke away and ran to the neighbor's

1 house for help.

2     47.    Blake Campos tried to run away but Defendants were swinging at him. Defendant Galzote grabbed Blake by the throat. Blake managed to free himself and ran to his neighbor Michael Batterson's house to get help.

    48.    Blake Campos ran back to his home. Defendant Juvien Galzote grabbed Blake by the throat and threw him to the ground. Blake got into a fetal position because he was being kicked and beaten with hammer fists by Galzote.

    49.    Defendant Tommy Miller was on the ground, hitting Blake. Defendants Laureano, Nilo and Musaraca assaulted Blake.

    50.    Michael ran out of the home and yelled at Defendants to get off Blake. Defendants then started hitting Michael. Defendant Laureano and Nilo Jose assaulted Michael.

    51.    Michael and Eddie pulled Defendants off of Blake. Blake was able to get off the ground.

    52.    Michael, Eddie and Blake retreated to the neighbor's porch to get away.

    53.    Defendant Galzote attacked Eddie Campos. Galzote kicked Eddie.

    54.    During this time period, multiple defendants identified themselves as law enforcement while assaulting plaintiffs.

    55.    Morgan Burningham, who was seventeen-years-old at the time of the incident, saw six to seven males attacking Eddie and Blake. She attempted to run to a family member's home to get help. Lisa Miller grabbed her by the hair and repeatedly punched her on the back of the head and eye. Defendant Lisa Miller had Morgan by the hair, screaming at Morgan that Morgan was a bitch. Lisa Miller threw Morgan into a kayak with broken bottles.

    56.    A neighbor picked up Morgan and helped her on the deck. Morgan had a laceration on her leg that required several stitches and injuries to her eye and head.

57. Defendants Dave Johnson and Garry Gueverra agreed to go to the Campos residence with the other defendants. They stood watch around the property to allow the other defendants to assault plaintiffs.

58. When the neighbor Michael Batterson went to assist, Defendants Galzote and Jose identified themselves as sheriffs.

59. Michael Batterson helped stop the assault. Defendant Musaraca told Michael Batterson who arrived to help that Galzote was a deputy sheriff.

60. Defendants fled the area.

61. When investigators arrived at the home in which Defendants were staying, they observed approximately 30 people standing in the area.

62. Defendant Juvien Galzote approached the investigators and said, "Everything is code 4 bro, I'm 10-35."[1]

63. Six of the defendants have been criminally charged.

**FIRST CAUSE OF ACTION**
**Civil Rights Action (42 U.S.C. § 1983) by All Plaintiffs Against Defendants Arenas, Galzote, Laureano, Lisa Miller, Thomas Miller, Jose, Musaraca, Johnson, Gueverra and Does 1-60**

64. Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

65. 42 U.S.C. § 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

66. Defendants acted under color of law, and conspired to deprive, and acting jointly and in concert with one another did deprive Plaintiffs of their Constitutional rights, which include, but are not limited to, the following:

---

[1] Code 4 in law enforcement jargon means "no further assistance necessary."

    (a) right to be free from unreasonable detentions, searches, and seizures;

    (b) right to be free from unlawful arrests and false imprisonment;

    (c) right to equal protection of the laws;

    (d) right not to be deprived of liberty without due process of law;

    (e) right to be free from excessive, unreasonable and unjustified force against his or her person.

67. Each of the named Defendants, including Does, separately and in concert, engaged in the illegal conduct to the injury of the Plaintiffs, and deprived Plaintiffs of the rights, privileges and immunities secured to them by the Fourth Amendment to the Constitution of the United States and the laws of the United States. Defendants acted with callous disregard for the constitutionally protected rights of Plaintiffs.

68. Defendants participated in the unlawful conduct or acted jointly with others who did so; authorized, acquiesced in or set in motion actions that led to the unlawful conduct; failed to take action to prevent the unlawful conduct; and/or failed to prevent further harm to Plaintiffs.

69. Each of the named Defendants, including Does, conspired with each other to go to the Campos residence to assault Plaintiffs.

70. While these defendants were assaulting Plaintiffs, they announced themselves as Sheriff deputies.

71. Plaintiffs were subjected to humiliation, fear, and pain and suffering by the illegal acts of Defendants and suffered injuries as a result.

72. As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

73. Plaintiffs are entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. § 1988, and all applicable law, and such additional

relief as the Court deems just.

## SECOND CAUSE OF ACTION
### Civil Rights Action (42 U.S.C. § 1983) For Failure to Supervise and Discipline by All Plaintiffs Against County of Riverside, Stanley Sniff and DOES 1-60

74. Plaintiffs reallege all prior paragraphs of this complaint and incorporates the same herein by this reference.

75. Defendants County of Riverside, Stanley Sniff and DOES 1-60 as a matter of custom, practice and policy, failed to supervise their officers to prevent, deter and punish the unconstitutional and excessive use of force.

76. No supervising officer from the Sheriff's Department took appropriate steps to supervise the individual officers who were using unnecessary and excessive force during detentions.

77. Upon information and belief, County of Riverside, Stanley Sniff and DOES 1-60 knew of prior incidents of misconduct by Galzote and Jose.

78. Upon information and belief, County of Riverside, Stanley Sniff and DOES 1-60 knew or should have known of the Constitutional violations committed by their deputies but failed to correct their abuse of authority, or discourage their unlawful use of authority.

79. County of Riverside, Stanley Sniff and DOES 1-60 condoned and acquiesced in the abusive behavior of their deputies by refusing to retrain them, discipline them, or correct their abusive behavior.

80. Upon information and beliefs, Defendants County of Riverside, Stanley Sniff and DOES 1-60 knew that their subordinates were violating the rights of citizens but failed to intercede or supervise them.

81. Despite their knowledge of the unlawful conduct of their subordinates, Defendants did nothing to supervise or intervene.

82. Defendants County of Riverside, Stanley Sniff and DOES 1-60 knew, or should have been, aware that the policy regarding supervision and discipline of

1  officers who violated the civil rights of the citizens and commit assault and battery
2  was so inadequate that it was obvious that a failure to correct it would result in
3  further incidents of dangerous and lawless conduct perpetrated by their officers.

83. The constitutionally deficient investigation and lack of discipline was done with deliberate indifference to the rights of Plaintiffs and others in their position.

84. The lack of adequate supervision and discipline caused Plaintiffs' damages.

85. As a result of actions by Defendants, Plaintiffs suffered physical and psychological injuries.

**THIRD CAUSE OF ACTION**
**Assault by All Plaintiffs against Defendants Arenas, Galzote, Laureano, Lisa Miller, Thomas Miller, Jose, Musaraca and DOES 1-60**

86. Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

87. Each of the Defendants acted, intending to cause harmful or offensive contact.

88. Plaintiffs reasonably believed that they were about to be touched in a harmful or an offensive manner.

89. It reasonably appeared to Plaintiffs that Defendants were about to carry out the threat and they did not consent to Defendants' conduct.

90. As a result, Plaintiffs were harmed and Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

**FOURTH CAUSE OF ACTION**
**Battery by Plaintiffs Eddie Campos, Blake Campos, Mike Steinhaus, Morgan Burningham against Defendants Arenas, Galzote, Laureano, Lisa Miller, Thomas Miller, Jose, Musaraca and DOES 1-60**

91. Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

92. Defendants Arenas, Galzote, Laureano, Lisa Miller, Thomas Miller,

Jose, Musaraca and Does 1-60 acted with an intent to cause harmful or offensive contact to Plaintiffs Eddie Campos, Blake Campos, Mike Steinhaus, Morgan Burningham and the intended harmful or offensive contact did in fact occur.

93. The harmful or offensive contact was not privileged nor consented to.

94. The harmful or offensive contact employed by Defendants and Does 1-60 was not reasonable.

95. As a result of the intent of Defendants to cause harmful or offensive contact with Plaintiffs and the fact that the intended harmful or offensive contact did in fact occur, Plaintiffs have suffered damages according to proof at the time of trial.

96. The conduct of Defendants also amounts to oppression, fraud or malice and punitive damages should be assessed against them for the purpose of punishment and for the sake of example.

**FIFTH CAUSE OF ACTION**
**False Imprisonment by All Plaintiffs Against Defendants Arenas, Galzote, Laureano, Lisa Miller, Thomas Miller, Jose, Musaraca , Johnson, Gueverra, and DOES 1-60**

97. Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

98. Defendants Arenas, Galzote, Laureano, Lisa Miller, Thomas Miller, Jose, Musaraca , Johnson, Gueverra, and Does 1-60 unlawfully violated the personal liberty of Plaintiffs.

99. Defendants intentionally deprived Plaintiffs' freedom of movement by force, threats of force, menace, duress and creating a physical barrier.

100. Plaintiffs were not allowed to leave for an appreciable time.

101. Plaintiffs did not consent to be imprisoned.

102. Defendants acted jointly and pursuant to a joint plan in violating Plaintiffs' clearly established rights under United States and California law by threats, intimidation and coercion.

103. Plaintiffs were actually harmed by the conduct of the Defendants and Defendants' conduct was a substantial factor in causing harm to Plaintiffs. .

104. Plaintiffs were subjected to humiliation, fear, and pain and suffering by the illegal acts of Defendants and suffered injuries as a result of the Defendants' actions

### SIXTH CAUSE OF ACTION
**Intentional Infliction of Emotional Distress by All Plaintiffs Against Defendants Arenas, Galzote, Laureano, Lisa Miller, Thomas Miller, Jose, Musaraca , Johnson, Gueverra and Does 1-60**

105. Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

106. By engaging in the acts alleged herein, Defendants engaged in outrageous conduct with an intent to or a reckless disregard of the probability of causing Plaintiffs to suffer emotional distress.

107. As a direct, proximate and foreseeable result, Plaintiffs suffered severe emotional distress and the outrageous conduct was the cause of the emotional distress suffered by Plaintiffs.

108. The conduct of Defendants also amounts to oppression, fraud or malice and punitive damages should be assessed against Defendants for the purpose of punishment and for the sake of example.

### SEVENTH CAUSE OF ACTION
**Negligence Per Se by All Plaintiffs Against Defendants Arenas, Galzote, Laureano, Lisa Miller, Thomas Miller, Jose, Musaraca , Johnson, Gueverra and Does 1-60**

109. Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

110. Section 43 of the California Civil Code provides in pertinent part that every person has the right of protection from bodily restraint or harm, from personal insult, and from defamation.

111. Defendants had a legal duty to ensure that Plaintiffs were not subject to bodily restraint or harm without lawful justification. By their acts and omissions, Defendants breached legal duties owed to Plaintiffs as set forth in California Civil Code section 43. Further, it was reasonably foreseeable that such breaches of duty by Defendants would cause Plaintiffs physical and/or emotional harm.

112. As a direct and proximate cause of Defendants' negligence, Plaintiffs have suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

### EIGHTH CAUSE OF ACTION
**Negligence by All Plaintiffs against All Defendants**

113. Plaintiffs reallege all prior paragraphs of this complaint and incorporates the same herein by this reference.

114. Defendants had a duty to Plaintiffs to act with ordinary care and prudence so as not to cause harm or injury to another.

115. By engaging in the acts alleged herein, Defendants failed to act with ordinary care and breached their duty of care owed to Plaintiff.

116. Defendants' actions fell below the standard of ordinary care.

117. Defendant Sniff is liable for his own negligent conduct in failing to properly supervise and discipline Defendants Galzote and Jose.

118. Defendants Sniff and the County of Riverside are also liable under the theory of *respondeat superior*.

119. As a direct, proximate and foreseeable result of Defendants' breach of their duty of care, Plaintiffs suffered damages in an amount according to proof at the time of trial.

## NINTH CAUSE OF ACTION
### California Civil Rights Violation (Civ. Code Section 52.1) by All Plaintiffs Against Defendants Arenas, Galzote, Laureano, Lisa Miller, Thomas Miller, Jose, Musaraca, Johnson, Gueverra and Does 1-60

120.  Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference.

121.  The California Legislature has declared that it violates our state civil rights act for any person to interfere with the exercise or enjoyment by any individual of his rights secured by the United States Constitution or state or federal law.  This includes any interference of these rights by threats, intimidation, coercion or attempted threats, intimidation or coercion.

122.  Defendants interfered with Plaintiffs' rights by the use of force alleged above.

123.  This interference with Plaintiffs' rights was perpetrated in violation of California Civil Code Section 52.1 and their right to be free from excessive force under the California Constitution.

124.  Due to the violation of Plaintiffs' rights by Defendants, Plaintiffs suffered economic damages and non-economic damages, including, but not limited to, emotional distress, pain and suffering, and fear caused by the acts complained of herein according to proof at the time of trial.

125.  Plaintiffs are also entitled to the statutory civil penalties set forth in Civil Code Section 52, attorneys' fees and costs of suit incurred herein.

126.  The conduct of Defendants also amounts to oppression, fraud or malice within the meaning of Civil Code Section 3294 et seq. and punitive damages should be assessed against each non-municipal defendant for the purpose of punishment and for the sake of example.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for a judgment as follows:

1. Entering judgment for statutory, compensatory, general, and special damages in an amount in accordance with proof;

2. Entering judgment for exemplary damages against each of the individual defendants in an amount sufficient to punish and to make an example of said defendants, and to deter said defendants and others from engaging in similar conduct.;

3. Awarding reasonable attorney's fees, expenses, and costs of suit; and

4. Granting such other and further relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial.

Dated: July 3, 2014                    Respectfully submitted,

/s/   *Eugene Iredale*
JULIA YOO
EUGENE G. IREDALE
Attorneys for Plaintiffs


/s/   *Julia Yoo*
JULIA YOO
EUGENE G. IREDALE
Attorneys for Plaintiffs