**Bruce E. Disenhouse (SBN 078760)**
Bruce@DisenhouseLaw.net
DISENHOUSE LAW APC
3833 Tenth Street
Riverside, California 92501
T:  951-530-3710
F:  951-543-4239

Attorneys for Defendant/Third Party Plaintiff  NILO JOSE and Defendant JUVIEN
GALZOTE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE CAMPOS, BROOKE CAMPOS, BLAKE CAMPOS, MIKE STEINHAUS and MORGAN BURNINGHAM, | **CASE NO.:  14-cv-1370 JGB (DTBx)** |
| Plaintiffs, | *Honorable Jesus G. Bernal* |
| v. | (PROPOSED) STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW |
| COUNTY OF RIVERSIDE, STANELY SNIFF, DANIEL ARENAS, JR, JUVIEN GALZOTE, BRIAN LAUREANO, LISA MILLER, THOMAS MILLER, NILO JOSE, VINCENT MUSARACA, DAVE JOHNSON and GARY GUEVERRA, | DATE: March 7, 2016 TIME: 9:00 a.m. ROOM: 1 |
| Defendants, | |
| _____ | |
| NILO JOSE, | |
| Third Party Plaintiff, | |
| v. | |
| MIKE STEINHAUS, BLAKE CAMPOS and SOES 1 through 50, Inclusive, | |
| Third Party Defendants, | |
| _____ | |

**PLAINTIFFS' ALLEGATIONS CONCERNING**

**DEPUTIES JOSE AND GALZOTE**

1.  Plaintiffs allege that on July 6, 2013, while Plaintiffs were at the boat ramp pulling a boat out of the water, the locking mechanism was broken and the boat kept falling back in to the water.  (Complaint ¶ 19)  Plaintiffs allege that defendant Arenas – who is not a County employee – yelled at plaintiffs and approached them. (Complaint ¶ 20, 21)  Plaintiffs allege that there was a verbal and physical altercation between plaintiffs and Arenas.  (Complaint ¶ 21-28)  Plaintiffs allege that they went back to their residence and backed their boat into the driveway.  (Complaint ¶ 33)

2.  Plaintiffs allege that later that night while Plaintiffs were wiping their boat down, Arenas gathered the other individual defendants to confront plaintiffs. (Complaint ¶ 36)  Plaintiffs allege that all of the individual defendants struck them. (Complaint ¶ 40-53)

3.  Plaintiffs allege that defendants that defendants Jose and Galzote are deputy sheriffs employed by the County of Riverside.  (Complaint ¶ 6)  The remaining defendants are not identified as County employees.  (Complaint ¶ 7-13) Plaintiffs allege that Jose and Galzote acted under color of state law.  (Complaint ¶ 66) Plaintiffs allege that the other individual defendants conspired with and acted in concert with Jose and Galzote.  (Complaint ¶ 66)

**UNCONTROVERTED FACTS CONCERNING THE SUBJECT INCIDENT**

**The Lost Lake resort**

4.  The events at issue in this lawsuit occurred at the Lost Lake Resort, which is located on the Colorado River.  The resort has buildings variously called trailers or mobile homes where people can stay.  (Deposition of Jose, 49/21-50/6; deposition of Brooke Campos, 17/8-13)  Some of the buildings have driveways, porches and garages.  (Deposition of Brooke Campos, 17/16-23)

//

//

**Most of the defendants are not County employees**

5.  Juvien Galzote and Nilo Jose are the only individual defendants who are alleged to be County of Riverside employees.  Defendant Lisa Miller was also a County of Riverside employee in 2013, but she was on extended medical leave during 2013, including all of July of 2013.  All other individual defendants were not employed by the County of Riverside.   (Complaint, ¶ 6-13; declaration of Jamie Wickam, ¶ 3-4)

**Defendants Galzote and Jose were off duty and on vacation at the time of this incident**

6.  In 2013, Juvien Galzote and Nilo Jose were deputy sheriffs employed by the County of Riverside.  They were off duty and on vacation at the time of the subject incident.  (Deposition of Jose, 48/1-5; declaration of Jose, ¶ 3; declaration of Galzote, ¶ 4)

**Actions of defendants Jose and Galzote on July 4-5, 2013**

7.  Jose arrived at the Lost Lake Resort on July 4, 2013.  (Deposition of Jose, 48/14-16, 67/3-8)  His wife, daughter and two nephews went with him.  (Deposition of Jose, 48/20-49/5, 49/11-13)  They stayed at the site they own at the Lost Lake Resort.  (Deposition of Jose, 49/21-50/6)  Galzote, who is a long term friend of defendant Jose, also arrived on July 4, 2013 and stayed at Jose's site.  (Deposition of Jose, 50/8-10, 50/25-51/2)  He was accompanied by his son.  (Deposition of Jose, 50/15-17)

8.  On July 5, 2013, Jose and Galzote spent the day in recreational activities.  (Deposition of Jose, 70/16-18, 71/5-6, 71/10-12, 72/3-7, 76/21-23, 77/18-25)

**Actions of defendants Jose and Galzote on July 6, 2013 prior to the subject incident**

9.  On July 6, 2013, prior to the incident at issue in this lawsuit, Nilo Jose and Juvien Galzote spent the day in recreational activities.  (Deposition of Jose, 78/24-25, 84/4-7, 84/24-85/4, 85/19-20; deposition of Galzote, 42/3-11, 43/4-13)

**Altercation between plaintiffs and defendant Arenas on July 6, 2013**

10.  On the late afternoon to evening of July 6, 2013, plaintiffs Michael Steinhaus and Eddie Campos were involved in a dispute with defendant Daniel Arenas at the Lost Lake Resort boat ramp.  During that dispute Eddie Campos punched Daniel Arenas in his face.  (Deposition of Brooke Campos, 27/4-28/2, 28/10-17, 28/24-29/3; deposition of Eddie Campos, 42/9-15, 51/4-18, 54/3-4, 55/17-18; deposition of Steinhaus, 43/14-44/3)

**The altercation at issue in this lawsuit**

11.  Daniel Arenas told Nilo Jose he had been punched while at the boat ramp. (Deposition of Jose, 88/5-7)  Daniel Arenas told Nilo Jose he intended to go to talk to the man who had punched him.  Nilo Jose and Juvien Galzote accompanied Daniel Arenas.  (Deposition of Jose, 96/2-12; deposition of Galzote, 46/17-25)

12.  Nilo Jose, Juvien Galzote and others traveled to plaintiffs' site by golf cart.  (Deposition of Jose, 95/1-15, 96/22-97/3)

**Defendants Jose and Galzote did not take any actions as law enforcement officers**

13.  When they arrived at plaintiffs' site, Nilo Jose and Juvien Galzote were only wearing board shorts, flip flops, and possibly shirts.  (Declaration of Jose, ¶ 4; deposition of Brooke Campos, 37/19-38/4; deposition of Eddie Campos, 74/21-22/8)

14.  During their encounter with plaintiffs on July 6, 2013, Nilo Jose and Juvien Galzote were not wearing a uniform and were not carrying any badge or other indicia of law enforcement.  (Deposition of Jose, 153/15-17; declaration of Galzote, ¶ 4; deposition of Brooke Campos, 50/3-14; deposition of Eddie Campos, 75/16-76/5; deposition of Batterson, 20/9-19; deposition of Burningham, 36/25-37/18; deposition of Steinhaus, 118/21-24; deposition of Blake Campos, 36/22-37/3, 91/2-12)

15.  During their encounter with plaintiffs on July 6, 2013, Nilo Jose and Juvien Galzote were not carrying any weapons or equipment.  (Deposition of Jose,

153/7-9, 153/18-21; declaration of Galzote, ¶ 4; deposition of Brooke Campos, 51/2-5; deposition of Eddie Campos, 76/9-18)

16.  During their encounter with plaintiffs on July 6, 2013, Nilo Jose and Juvien Galzote did not tell any of the plaintiffs they were under arrest and did not try to arrest any of the plaintiffs.  (Declaration of Jose, ¶ 4; declaration of Galzote, ¶ 4; deposition of Brooke Campos, 50/22-51/2; deposition of Eddie Campos, 76/19-22, 93/21-94/1; deposition of Batterson, 20/23-25; deposition of Burningham, 40/18-22; deposition of Steinhaus, 119/3-14; deposition of Blake Campos, 94/3-6)

17.  During their encounter with plaintiffs on July 6, 2013, Nilo Jose and Juvien Galzote did not give any of the plaintiffs any law enforcement commands. (Declaration of Jose, ¶ 4; declaration of Galzote, ¶ 4; deposition of Brooke Campos, 50/19-21; deposition of Eddie Campos, 76/23-24, 93/17-20; deposition of Batterson, 21/1-3; deposition of Burningham, 40/23-25; deposition of Steinhaus, 119/18-23; deposition of Blake Campos, 94/7-9)

**Defendants Jose and Galzote never touched plaintiff Brooke Campos**

18.  On July 6, 2013, Juvien Galzote and Nilo Jose never touched plaintiff Brooke Campos.  (Deposition of Brooke Campos, 42/2-11, 42/25-43/2, 80/4-6, 52/18-25, 50/19-21)

## APPLICABLE FEDERAL LAW CONCERNING
## OFF DUTY LAW ENFORCEMENT OFFICERS

19.  42 U.S.C. § 1983 requires a plaintiff to prove that the defendant acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia."  "If a government officer does not act within his scope of employment or under color of state law, then that government officer acts as a private citizen."  Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).

20.  The mere fact that an off duty law enforcement officer is a law enforcement officer while on duty is far from enough to meet the under color of law

requirement.  "Simply put, a police officer is not acting under color of law 24 hours a day, 7 days a week, on or off duty, in or out of uniform.  If a police officer is acting as a private citizen, any alleged harm from the police officer's actions is not recoverable under § 1983 as the officer was not acting under color of law."  Dilts v. Blair, 2005 U.S. Dist. Lexis 29426, *7, 2005 WL 2847415 (D. Id. 2005).

21.  Identification as an off duty law enforcement officer during an incident is also far from sufficient to meet the under color of law requirement.  "[A]cts of officers in the ambit of their personal pursuits are plainly excluded."  Screws v. United States, 325 U.S. 91, 111 (1945).

22.  A plaintiff who contends an off duty law enforcement officer acted under color of state law has to meet three elements.

First, the defendant's action must have been "performed while the officer is acting, purporting, or pretending to act in the performance of his or her official duties." [McDade v. West, 223 F.3d 1135, 1140 (9th Cir. 2000)]. Second, the officer's pretense of acting in the performance of his duties must have had the purpose and effect of influencing the behavior of others. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 839-40 (9th Cir. 1996) (finding no color of state law because the victim had not opened the door based on defendant's status as a police officer). Third, the challenged conduct must be "related in some meaningful way either to the officer's governmental status or to the performance of his duties." [Martinez v. Colon, 54 F.3d 980, 987 (1st Cir. 1995)].  Sinks v. County of Fresno, 2012 U.S. Dist. Lexis 6450, *10-11 (E.D. Cal. 2012), quoting Anderson v. Warner, 451 F.3d 1063, 1068 (9th Cir. 2006).
See also Naffe v. Frey, 789 F.3d 1030, 1137 (9th Cir. 2015) (stating the same elements).

23.  Mere knowledge that the defendant is a law enforcement while on duty does not meet these elements.  Van Ort, 92 F.3d at 838 ("The district court was not required to find that Stanewich acted under color of state law merely because he was

a law enforcement officer."); <u>Carson v. County of Stanislaus</u>, 2011 U.S. Dist. Lexis 96305, *9, 2011 WL 3813193 (E.D.Cal. 2011) ("The fact that Plaintiff and Jacobsen knew who each other were does not establish that Jacobsen's conduct was under color of law."), affirmed <u>Carson v. County of Stanislaus</u>, 532 Fed. Appx. 662 (9th Cir. 2013) ("Jacobsen's status as a peace officer at the time of the alleged incident does not automatically render his conduct state action"); Sinks (statement that "I am a cop, I can do anything I want and I won't get in trouble for it" did not create state action).

## APPLICATION OF FEDERAL LAW
## TO THE UNCONTROVERTED FACTS

24.  Plaintiffs cannot meet any of three elements they are required to prove.

25.  The first element is: the defendant's action must have been performed while the officer is acting, purporting, or pretending to act in the performance of his or her official duties.  Galzote and Jose did not perform or pretend to perform any official duties.  They were off duty and on vacation, were not in uniform, did not display any official insignia, did not attempt to arrest anyone, and did not give any law enforcement commands.

26.  The second element is: the officer's pretense of acting in the performance of his duties must have had the purpose and effect of influencing the behavior of others.  Again, Galzote and Jose were not in uniform, did not display any official insignia, did not attempt to arrest, and gave no law enforcement commands.  Since Galzote and Jose were not in uniform, did not display any law enforcement insignia, and did not give any law enforcement commands, they did not use a pretense of acting in the course of their duties to influence anyone's behavior.

27.  The third element is: the challenged conduct must be related in some meaningful way either to the officer's governmental status or to the performance of his duties.  Any actions taken by Galzote and Jose while off duty and with no attempt

to arrest or give any law enforcement commands were not related to their non-vacation status as deputy sheriffs or their official duties.

**DISMISSAL OF STATE LAW CLAIMS WITHOUT PREJUDICE**

28.  When all federal law claims are dismissed before trial, state law claims normally should be dismissed without prejudice.  28 U.S.C. § 1367(c)(3); <u>Carnegie-Mellon Univ. v Cohill</u>, 484 U.S. 343, 350 n.7 (1988); <u>Bryant v. Adventist Health System/West</u>, 289 F.3d 1162, 1169 (9th Cir. 2002).

**APPLICATION OF CALIFORNIA LAW**
**TO THE UNCONTROVERTED FACTS**

29.  Galzote and Jose had no contact with Brooke Campos.  There is no factual basis for finding that Galzote or Jose falsely imprisoned, assaulted, battered, inflicted emotional distress or violated Ms. Campos' civil right or acted negligently towards her.

DATED: _____

_____
UNITED STATES DISTRICT JUDGE

## PROOF OF SERVICE BY MAIL

**STATE OF CALIFORNIA** )
                                                            ) ss.
**COUNTY OF RIVERSIDE** )

I, Brenda Laird, state that I am employed in the aforesaid County, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 3833 Tenth Street, Riverside, California 92501.

On February 5, 2016, I served the foregoing (PROPOSED) STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW on the interested parties by placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Riverside, California, addressed as follows and/or by one of the methods of service as follows:

## SEE ATTACHED MAILING LIST

x    **BY MAIL**: I am readily familiar with this firm's practice of collection and processing of  correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service the same day in the ordinary course of business pursuant to C.C.P. 1013(a).

___    **BY FAX**: A copy of said document(s) was delivered by facsimile transmission to the addressee pursuant to C.C.P. 1013(e).

___    **BY ELECTRONIC SERVICE**: A copy of said document(s) was delivered by electronic transmission to the addressee(s) pursuant to C.C.P. 1010.6(3).

___    **BY PERSONAL SERVICE**: I caused to be hand-delivered said document(s) to the office of the addressee, using an attorney service, pursuant to C.C.P. 1011.

___    **BY EXPRESS MAIL**: I caused said document(s) to be placed in an Express Mail Overnight Envelope and deposited in an Express Mail DropBox to be delivered the following business day pursuant to C.C.P. 1013(c).

_x_    **FEDERAL**:  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.  Executed on February 5, 2016, at Riverside, California.

*/s/ Brenda Laird*

_____
BRENDA LAIRD

## MAILING LIST

*Campos v. County of Riverside, et al.*
*14-cv-1370 JGB (DTBx)*

**Attorneys for Plaintiffs Eddie Campos, Brooke Campos, Blake Campos, Mike Steinhaus and Morgan Burningham**
Eugene Gerald Iredale
Julia G. Yoo
Iredale and Yoo APC
105 West F Street, 4th Floor
San Diego, California  92101
T: 619-233-1525
F: 619-233-3221
E: egiredale@yahoo.com
E: jyoo@iredalelaw.com

M. Regina Bagdasarian
Frantz Law Group APLC
402 W. Broadway, Suite 860
San Diego, California 92101
T: 619-233-5945
F: 619-525-7672
E: rbagdasarian@frantzlawgroup.com

**Attorneys for Defendant County of Riverside**
Eric Angel
Stephanie Joy M. Tanada
Arthur Kenneth Cunningham
Lewis Brisbois Bisgaard and Smith LLP
Tri-City Corp Center
650 East Hospitality Lane, Suite 600
San Bernardino, California  92408-3508
T:  909-387-1130
F:  909-387-1138
E:  eric.angel@lewisbrisbois.com
E:  Tanada@lbbslaw.com
E:  Arthur.cunningham@lewisbrisbois.com

**Attorneys for Defendant/Cross-complainant, Daniel Arenas, Jr.**
Thomas W. Palecek
Jason P. Williams
Law Offices of Jason P. Williams
3170 Fourth Avenue, Third Floor
San Diego, California 92104
T: 619-346-4263
F:  619-346-4291
E:  tpalecek@jpwlawyers.com, dnelms@jpwlawyers.com
E:  jwilliams@jpwlawyers.com

**Attorneys for Defendant Brian Laureano**
Brian Laureano
41157 Marseille Ct.
Murrieta, CA 92562
T:  951-296-7813
E:  blaureano1@roadrunner.com

(PROPOSED) STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

DISENHOUSE LAW
APC

1

***Attorneys for Defendants Lisa Miller and Thomas Miller and Vincent Musaraca***

2   Robert Michael Beggs
    The Beggs Law Firm APC
3   3151 Airway Avenue, Ste. S1
    Costa Mesa, California 92626
4   T:  949-878-3773
    F:  949-608-1741
5   E:  Robert@thebeggslawfirm.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28