1 | **Bruce E. Disenhouse (SBN 078760)**
Bruce@DisenhouseLaw.net
2 | DISENHOUSE LAW APC
3833 Tenth Street
3 | Riverside, California 92501
T: 951-530-3710
4 | F: 951-543-4239

5 | Attorneys for Defendant/Third Party Plaintiff NILO JOSE and Defendant JUVIEN GALZOTE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE CAMPOS, BROOKE CAMPOS, BLAKE CAMPOS, MIKE STEINHAUS and MORGAN BURNINGHAM, | CASE NO.: 14-cv-1370 JGB (DTBx) |
| Plaintiffs, | *Honorable Jesus G. Bernal* |
| v. | REPLY TO PLAINTIFFS' OPPOSITION TO MOTION IN LIMINE NO. 1 OF DEFENDANT JUVIEN GALZOTE AND DEFENDANT/THIRD PARTY PLAINTIFF NILO JOSE |
| COUNTY OF RIVERSIDE, STANELY SNIFF, DANIEL ARENAS, JR, JUVIEN GALZOTE, BRIAN LAUREANO, LISA MILLER, THOMAS MILLER, NILO JOSE, VINCENT MUSARACA, DAVE JOHNSON and GARY GUEVERRA, | Final Pretrial Conference: 9/26/16 |
| Defendants, | Trial Date: 9/27/16 |
| _____ | Hon. Jesus G. Bernal |
| NILO JOSE, | |
| Third Party Plaintiff, | |
| v. | |
| MIKE STEINHAUS, BLAKE CAMPOS and SOES 1 through 50, Inclusive, | |
| Third Party Defendants, | |
| _____ | |

DISENHOUSE LAW APC

---

1
REPLY TO PLAINTIFFS' OPPOSITION TO MOTION IN LIMINE NO. 1 OF DEFENDANT JUVIEN GALZOTE AND DEFENDANT/THIRD PARTY PLAINTIFF NILO JOSE

COMES NOW Defendant/Third Party Plaintiff NILA JOSE and Defendant JUVIEN GALZOTE and reply to Plaintiffs' Opposition to their Motions in Limine No. 1 as follows.

## ARGUMENT

### I. The Federal Rules of Evidence Prohibit the Admission of Irrelevant Evidence

Plaintiffs oppose the Motions in Limine herein by alleging that the guilty pleas in the criminal prosecution are admissible as admissions by party opponents. Even if true, which it is not, those admissions are not relevant to the issues presented in this case.

Plaintiffs have cited several cases for the proposition that the guilty pleas in the criminal prosecution are admissible as admissions by the party opponent, but each of those cases is distinguishable from the facts herein. A majority of those cases involved an insurance claim in which the party that previously plead guilty to a serious **felony** (i.e., murder, involuntary manslaughter, rape, robbery) sought to recover money from an insurance carrier. Those are not the facts involved here.

The parties herein were either involved in, or observers of, a minor mutual fight, with no serious injuries and no one seeking medical care afterwards. There are no insurance claims, and any charges filed were either minor infractions or misdemeanors.

In addition, the cases cited by Plaintiffs clearly require that the issues decided in the criminal case must be "conclusively determined as to the parties if it is involved in a subsequent civil case." *Yarbrough v. Superior Court* (1985) 39 Cal.3d 197, 205. As set forth more fully below, there is nothing about the criminal proceedings against Jose and Galzote that conclusively determined any actions by Jose or Galzote had any effect whatsoever on any of the Plaintiffs. The criminal cases are in fact devoid of any information whatsoever as to what actions give rise to the charges and what specific actions of Jose and Galzote the guilty pleas relate to.

DISENHOUSE LAW
APC

2
REPLY TO PLAINTIFFS' OPPOSITION TO MOTION IN LIMINE NO. 1 OF DEFENDANT JUVIEN GALZOTE AND DEFENDANT/THIRD PARTY PLAINTIFF NILO JOSE

The federal cases cited by Plaintiffs also state that the court can exclude a plea in a misdemeanor case made under conditions that suggest its untrustworthiness. See *Hancock v. Dodson,* 958 F.2d 1367, 1371 (6th Cir. 1992) and *United States v. Gotti,* 641 F.Supp. 283, 290 (E.D.N.Y. 1986). As set forth in more detail below, the pleas of both Jose and Galzote are untrustworthy in that; 1. The plea by Jose was withdrawn by the criminal court and his conviction set aside; and 2. It is likely by the time of trial in this case that the criminal court will likewise withdraw the guilty plea of Galzote and set his conviction aside as well.

The truth here is that any plea by Jose and Galzote was simply made for reasons of convenience and without much regard to guilt and collateral consequences. As such those guilty pleas should be excluded from evidence in this matter. See C. McCormick, *McCormick on Evidence* § 245 at 783 (E. Cleary 3d Ed. 1984). Jose and Galzote's Motions in Limine must be granted.

**A. NILO JOSE**

In the case of Defendant/Third Party Plaintiff NILO JOSE, his guilty plea was for the misdemeanors of trespassing and false imprisonment. Nothing in the criminal plea indicates that the plea related to JOSE's actions against a specific individual or that he trespassed on land owned or controlled by any of the plaintiffs.

A conviction is admissible only if is possible to tell that some fact at issue in the civil case was necessarily decided. If it is not possible to tell from the plea what acts were the basis of the plea, it is not admissible. *Gowan v. Amaranth Advisers L.L.C. (In re Dreier LLP)*, 2014 Bankr. Lexis 11 (N.D. Io. 2014). See also *Smith v. City of Hemet*, 394 F.3d 689 (9th Cir. en banc 2005) (A previous guilty plea cannot apply to bar an 42 U.S.C. § 1983 claim were multiple possible acts at issue in the criminal case and the plea did not specify the factual basis). This is supported by the case cited by Plaintiffs, *Davis v. Aetna Life Inc. Co.*, 279 F.2d 304, 311 (9th Cir. 1960) in which the court found that because there was "nothing in the record before us which discloses the facts underlying the record of

DISENHOUSE LAW
APC

3
REPLY TO PLAINTIFFS' OPPOSITION TO MOTION IN LIMINE NO. 1 OF DEFENDANT JUVIEN GALZOTE
AND DEFENDANT/THIRD PARTY PLAINTIFF NILO JOSE

1  conviction" the conviction could not be used as a basis to deny appellant an interest in
2  insurance proceeds, following his conviction of the felony of voluntary manslaughter.
3      Since there is nothing in the criminal plea entered by Defendant/Third Party
4  Plaintiff NILO JOSE that specifies the factual basis of that plea, or whether if some
5  fact at issue in the civil case was necessarily decided, the guilty plea entered by
6  Defendant/Third Party Plaintiff NILO JOSE is irrelevant and thus inadmissible
7  pursuant to Federal Rules of Evidence, Rule 402.

    i.    **NILO JOSE'S CONVICTION WAS DISMISSED PURSUANT TO CALIFORNIA PENAL CODE § 1203.4**

10      On September 18, 2015, Judge James S. Hawkins entered the order of the
11  Court dismissing the criminal complaint in *People v. Jose*, Case No. BLF1400020,
12  pursuant to California *Penal Code* § 1203.4, which had the effect of allowing
13  Defendant/Third Party Plaintiff NILO JOSE to withdraw his guilty plea and enter a
14  plea of not guilty, as well as a dismissal of all charges. A copy of the Order entered
15  by Judge Hawkins is attached to the accompanying Declaration of Bruce E.
16  Disenhouse.
17      Since all charges have been dismissed against Defendant/Third Party Plaintiff
18  NILO JOSE, and his guilty plea withdrawn and replaced with a not guilty plea, it
19  would be improper to admit evidence at trial in this case of any previous guilty plea.
20  See *People v. Mackey* (1922) 58 Cal.App. 123, 128-131.
21      Any evidence of a previous guilty plea by Defendant/Third Party Plaintiff
22  NILO JOSE is likewise inadmissible pursuant to Federal Rules of Evidence, Rule
23  403 which allows the Court to exclude relevant evidence if its probative value is
24  substantially outweighed by a danger of one or more of the following: unfair
25  prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or
26  needlessly presenting cumulative evidence.
27  //
28  //

DISENHOUSE LAW APC

4
REPLY TO PLAINTIFFS' OPPOSITION TO MOTION IN LIMINE NO. 1 OF DEFENDANT JUVIEN GALZOTE AND DEFENDANT/THIRD PARTY PLAINTIFF NILO JOSE

### B. GUVIEN GALZOTE

In the case of Defendant JUVIEN GALZOTE, his guilty plea was for the infraction of disturbing the peace by loud noise.  Plaintiffs' Complaint makes no mention of any causes of action against Defendant JUVIEN GALZOTE for disturbing the peace.  Any guilty plea by Defendant JUVIEN GALZOTE for the infraction of disturbing the peace for loud noise is thus irrelevant and thus inadmissible pursuant to Federal Rules of Evidence, Rule 402.

i. **GUVIEN GALZOTE'S CONVICTION IS IN THE PROCESS OF BEING DISMISSED PURSUANT TO CALIFORNIA *PENAL CODE* § 1203.4**

It is likely that prior to the trial in this matter, the court will enter an order dismissing the criminal complaint in *People v. Galzote,* Case No. BLF1400020, pursuant to California *Penal Code* § 1203.4, which will have the effect of allowing Defendant GUVIEN GALZOTE to withdraw his guilty plea and enter a plea of not guilty, as well as a dismissal of all charges.

Once all charges have been dismissed against Defendant GUVIEN GALZOTE, and his guilty plea withdrawn and replaced with a not guilty plea, it would be improper to admit evidence at trial in this case of any previous guilty plea. See *People v. Mackey* (1922) 58 Cal.App. 123, 128-131.

Any evidence of a previous guilty plea by Defendant GUVIEN GALZOTE would also be inadmissible pursuant to Federal Rules of Evidence, Rule 403 which allows the Court to exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

//
//
//

DISENHOUSE LAW APC

5
REPLY TO PLAINTIFFS' OPPOSITION TO MOTION IN LIMINE NO. 1 OF DEFENDANT JUVIEN GALZOTE AND DEFENDANT/THIRD PARTY PLAINTIFF NILO JOSE

## **CONCLUSION**

For the reasons set forth above and in their Motions in Limine No. 1, Defendant/Third Party Plaintiff NILA JOSE and Defendant JUVIEN GALZOTE respectfully request that the Court grant their Motions in Limine and exclude all documents or testimony regarding the criminal charges brought against them, and their guilty plea in Riverside Superior Court Case No. BLF1400020, entitled *People v. Jose* and *People v. Galzote*.

Dated:  September 14, 2016              DISENHOUSE LAW APC

                                        */s/ Bruce E. Disenhouse*

                                        _____
                                        BRUCE E. DISENHOUSE

DISENHOUSE LAW
APC

6
REPLY TO PLAINTIFFS' OPPOSITION TO MOTION IN LIMINE NO. 1 OF DEFENDANT JUVIEN GALZOTE
AND DEFENDANT/THIRD PARTY PLAINTIFF NILO JOSE

## DECLARATION OF BRUCE E. DISENHOUSE

I, Bruce E. Disenhouse, declare as follows:

1. That I an attorney at law, licensed to practice before all the Courts of the State of California and I am an attorney with the law firm of Disenhouse Law APC, attorneys of record for Defendant/Third Party Plaintiff NILO JOSE.

2. Attached hereto as Exhibit "1" is a true and correct copy of the Order Permitting Defendant to Withdraw Plea of Guilty and Dismissal of Complaint entered by Judge James S. Hawkins on September 18, 2015 in the case of People v. Jose, Riverside Superior Court Case No. BLF1400020.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct and that this declaration was executed on September 14, 2016, at Riverside, California.

*/s/ Bruce E. Disenhouse*

_____
BRUCE E. DISENHOUSE

Disenhouse Law APC

7
REPLY TO PLAINTIFFS' OPPOSITION TO MOTION IN LIMINE NO. 1 OF DEFENDANT JUVIEN GALZOTE AND DEFENDANT/THIRD PARTY PLAINTIFF NILO JOSE

# PROOF OF SERVICE BY MAIL

**STATE OF CALIFORNIA** )
) ss.
**COUNTY OF RIVERSIDE** )

I, Brenda Laird, state that I am employed in the aforesaid County, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 3833 Tenth Street, Riverside, California 92501.

On September 14, 2016, I served the foregoing REPLY TO PLAINTIFFS' OPPOSITION TO MOTION IN LIMINE NO. 1 OF DEFENDANT JUVIEN GALZOTE AND DEFENDANT/THIRD PARTY PLAINTIFF NILO JOSE on the interested parties by placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Riverside, California, addressed as follows and/or by one of the methods of service as follows:

## SEE ATTACHED MAILING LIST

_x_ **BY MAIL**: I am readily familiar with this firm's practice of collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service the same day in the ordinary course of business pursuant to C.C.P. 1013(a).

___ **BY FAX**: A copy of said document(s) was delivered by facsimile transmission to the addressee pursuant to C.C.P. 1013(e).

___ **BY ELECTRONIC SERVICE**: A copy of said document(s) was delivered by electronic transmission to the addressee(s) pursuant to C.C.P. 1010.6(3).

___ **BY PERSONAL SERVICE**: I caused to be hand-delivered said document(s) to the office of the addressee, using an attorney service, pursuant to C.C.P. 1011.

___ **BY EXPRESS MAIL**: I caused said document(s) to be placed in an Express Mail Overnight Envelope and deposited in an Express Mail DropBox to be delivered the following business day pursuant to C.C.P. 1013(c).

_x_ **FEDERAL**: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Pursuant to L.R. 5-3.2.1 and 5-3.2.2 the undersigned declares service has been affected by way of CM/ECF or via Mail service as indicated above.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on September 14, 2016, at Riverside, California.

/s/ Brenda Laird
_____
BRENDA LAIRD

DISENHOUSE LAW
APC

8
REPLY TO PLAINTIFFS' OPPOSITION TO MOTION IN LIMINE NO. 1 OF DEFENDANT JUVIEN GALZOTE
AND DEFENDANT/THIRD PARTY PLAINTIFF NILO JOSE

# MAILING LIST

*Campos v. County of Riverside, et al.*
*14-cv-1370 JGB (DTBx)*

**<u>*Attorneys for Plaintiffs Eddie Campos, Brooke Campos, Blake Campos, Mike Steinhaus and Morgan Burningham*</u>**

Eugene Gerald Iredale
Julia G. Yoo
Iredale and Yoo APC
105 West F Street, 4th Floor
San Diego, California 92101
T: 619-233-1525
F: 619-233-3221
E: egiredale@yahoo.com
E: jyoo@iredalelaw.com

M. Regina Bagdasarian
Frantz Law Group APLC
402 W. Broadway, Suite 860
San Diego, California 92101
T: 619-233-5945
F: 619-525-7672
E: rbagdasarian@frantzlawgroup.com

**<u>*Attorneys for Defendant County of Riverside*</u>**

Eric Angel
Stephanie Joy M. Tanada
Arthur Kenneth Cunningham
Lewis Brisbois Bisgaard and Smith LLP
Tri-City Corp Center
650 East Hospitality Lane, Suite 600
San Bernardino, California 92408-3508
T: 909-387-1130
F: 909-387-1138
E: eric.angel@lewisbrisbois.com
E: Tanada@lbbslaw.com
E: Arthur.cunningham@lewisbrisbois.com

**<u>*Attorneys for Defendant/Cross-complainant, Daniel Arenas, Jr.*</u>**

Thomas W. Palecek
Jason P. Williams
Law Offices of Jason P. Williams
3170 Fourth Avenue, Third Floor
San Diego, California 92104
T: 619-346-4263
F: 619-346-4291
E: tpalecek@jpwlawyers.com, dnelms@jpwlawyers.com
E: jwilliams@jpwlawyers.com

DISENHOUSE LAW APC

9
REPLY TO PLAINTIFFS' OPPOSITION TO MOTION IN LIMINE NO. 1 OF DEFENDANT JUVIEN GALZOTE AND DEFENDANT/THIRD PARTY PLAINTIFF NILO JOSE

1  ***Attorneys for Defendant Brian Laureano***
   Brian Laureano
2  41157 Marseille Ct.
3  Murrieta, CA 92562
   T:  951-296-7813
4  E:  blaureano1@roadrunner.com

5  ***Attorneys for Defendants Lisa Miller and Thomas Miller and Vincent Musaraca***
   Robert Michael Beggs
6  The Beggs Law Firm APC
   3151 Airway Avenue, Ste. S1
7  Costa Mesa, California 92626
   T:  949-878-3773
8  F:  949-608-1741
   E:  Robert@thebeggslawfirm.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISENHOUSE LAW
APC

10
REPLY TO PLAINTIFFS' OPPOSITION TO MOTION IN LIMINE NO. 1 OF DEFENDANT JUVIEN GALZOTE
AND DEFENDANT/THIRD PARTY PLAINTIFF NILO JOSE